UNITED STATES BANKRUPTCY COURT
EASTERN AND WESTERN DISTRICTS OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: Mark Andrew Ferren                                   Case No:
                                                                                                              Chapter 13

## CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.**  Debtor shall pay **$845.00** per month to the Trustee from January, 2012 through December, 2016, which is the sixtieth month of the Plan.  *The "base," or minimum amount to be paid into the Plan for the Debtor to complete their Plan and be entitled to a discharge, shall be calculated as follows: ($845.00 X 60 months = $50,700.00) for a total "base" of $50,700.00.*  The first payment will be made within 30 days of the filing of this Plan. Payment shall be made from the source listed below:

   | | |
   |---|---|
   | Name of Employer: | **Heslep Concrete** |
   | Employer's Address: | **P.O. Box 55420** |
   | | **Little Rock, AR  72215** |
   | Employer's Phone Number: | **501-664-9400** |

   Payment is received *(X) Weekly*  Bi-Weekly  Semi-Monthly  Monthly or Other.  If Other, please specify:.

2. **Plan Length**.  The Debtor proposes to pay all disposable income into the plan for **not less than than the applicable commitment period** (unless unsecured creditors are being paid in full (100%)).  The plan length shall not exceed 60 months.

   The Debtor's plan length is **60** months.

3. **Administrative Claims.**  Trustee will pay allowed administrative claims and expenses in full:

   **(A).**  **Trustee's Fees and Expenses**.  Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   **(B).**  **Attorney's Fees**. The attorney fee is subject to approval by separate application:
       Amount paid to attorney prior to filing:     **$437.00**
       Amount to be paid by the Trustee:            **$3,063.00**
       *To be paid as follows: an initial "kicker" after confirmation of $2,000.00, then the remainder at the rate of 25% of total funds available to be disbursed to creditors each month.*

4. **Secured Claims.**

   (A). <u>**Pre-confirmation Adequate Protection Payments.**</u> Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

| Creditor Name and Last 4 Digits of Account Number | Collateral | Adequate Protection Monthly Payment Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

   (B). <u>**Post-Confirmation Payments**</u>. Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

   i. **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain**. The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtor will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| Creditor/Collateral | Monthly Payment | Pre-Petition Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|---|
| **Citimortgage** | **$680.49** | **$2,721.96** | **$45.37** |
|  |  |  |  |

ii. **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. The following claims will be paid as follows.

| Creditor/ Collateral | Purchase Date | Debt Amount to be Paid | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

iii. **Other Secured Claims**. Other secured claims will retain their liens *(until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under 11 U.S.C. 1328, per 11 U.S.C. 1325(a)(5)(B)(i)(I))* and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a nonpriority unsecured claim.

| Creditor /Collateral | Purchase Date | Scheduled Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

iv. **Surrender of Collateral**. Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim. The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

| Creditor | Collateral to be Surrendered |
|---|---|
| **TD Auto Finance** | **2004 Mitsubishi Eclipse** |
| | |

3

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   (i). Debtor shall pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   **Michel Watson**
   **117 Flynn Road**
   **Rosebud, AR 72137**

   (iii). The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   **(iv). Domestic Support Obligation Arrearage Claims**.

   The domestic support obligation arrearage claim will be paid directly by the Debtor.

   The domestic support obligation arrearage claim will be paid by the Trustee as follows:

| Creditor (Name and Address) | Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|
| **none** | | |
| | | |

   (B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full.

| Creditor Name | Debt Amount |
|---|---|
| | |
| | |
| | |
| | |

4

6. **Special Nonpriority Unsecured Claims.**
The following special nonpriority unsecured claims will be paid prior to other nonpriority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
| | | | | |
| | | | | |

7. **Nonpriority Unsecured Claims**. Allowed nonpriority claims shall be paid at least as much as they would receive under Chapter 7. Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below:

        A definite percentage of      ;

  **X**    A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors; or

        Other. Please specify : .

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, or by the Trustee, as set forth below. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts set forth below. All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

| Creditor Name | Post-Petition Payment to be Paid Directly by Debtor, if Current (Number of Remaining Payments) | Post-Petition Payment to be Paid by Trustee | Arrearage Amount | Arrearage Monthly Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |

9. **Claims That Are Not to Be Paid by the Trustee.**
The following claims are to be paid directly to the Creditor by the Debtor and not by the Trustee. These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by a party (liable on the debt) other than the Debtor from property that is not property of the estate.

| Creditor | Description of Property/Nature of Obligation |
|---|---|
| | |
| | |

5

10. **Liens to Be Avoided:** (The following liens shall be avoided pursuant to the Bankruptcy Code:

    | Name of Creditor | Claim Amount | Description |
    |---|---|---|
    | **Arkansas Federal Credit Union** | **$19,971.45** | **2nd mortgage on Debtors' Home; lien to be avoided as fully unsecured.** |

11. **Other Provisions:**

    (A). **Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

    (B). **Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

    (C). **Other Provisions.** Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

    **Confirmation of this Plan imposes a duty on the Mortgage Entities to:**
    1) Deem any Pre-Petition arrearage as contractually current so that no Post-Petition delinquency status is declared due to Pre-Petition events that are addressed in the Plan;

    2) Apply Trustee payments designated for Pre-petition arrearages only to such arrearages;

    3) Apply mortgage payments made during the Plan (whether directly by the Debtor or by the Trustee) to the month in which they were made (or designated to be made) under or during the Plan;

    4) Pre-petition arrearages shall include only those sums included in a proof of claim which is either actually allowed by the Court or deemed allowed as a result of Plan confirmation.

Date: 12/23/2011                         /s/ Mark Andrew Ferren
                                         **Debtor's Signature**
**/s/ John A. Flynn**                    /s/
**Attorney's Signature**                 **Debtor's Signature**

6